UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLEN ARLEN SEDLACEK,

    Petitioner,    CASE NO. 2:23-CV-11899
                                HONORABLE NANCY G. EDMUNDS

v.

ERIC RARDIN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241, DENYING AS MOOT THE MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF No. 10) AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Glen Arlen Sedlacek, ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' (BOP) refusal to apply his earned time credits under the First Step Act (FSA) toward early release to pre-release custody. Respondent filed an answer to the petition for a writ of habeas corpus. For the reasons stated below, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED. The Motion for leave to file excess pages (ECF No. 10) is DENIED as moot.

**I. Background**

Petitioner pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Petitioner received a below the guidelines sentence of 132 months. *United States v. Sedlacek*, 807 F. App'x 569 (8th Cir. 2020). Petitioner's two motions for compassionate release were denied. The Eighth Circuit affirmed after petitioner appealed

from the second denial. *See United States v. Sedlacek*, No. 21-1462 (8th Cir. Jul. 14, 2021).

Petitioner seeks habeas relief, claiming that the BOP has arbitrarily denied him his earned time credits toward early release to supervised release or pre-release custody under the (FSA) based on the 18 U.S.C. § 3632(d)(4)(D)(xli)'s categorical exclusion of persons convicted of distributing child pornography from being eligible to receive FSA credits. Petitioner also argues that § 3632(d)(4)(D)(xli) is unconstitutional.

## II.  Discussion

### A.  The motion for leave to file excess pages is denied as moot.

Petitioner has filed a motion for leave to file a reply brief in excess of the page limit.

Rule 2 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, does not contain any page limits for a habeas petition, nor do the Local Rules for the Eastern District of Michigan. Accordingly, it is unnecessary for petitioner to obtain permission from this Court to obtain an order permitting him to exceed the page limit for any pleadings dealing with his habeas petition. The motion is denied as moot. *See Williams-El v. Bouchard*, No. 2008 WL 660015, *1 (E.D. Mich. Mar. 10, 2008).

### B.  The Court declines to dismiss the petition on exhaustion grounds.

Respondent argues that the petition for a writ of habeas corpus is subject to dismissal because petitioner failed to exhaust his administrative remedies prior to filing his petition.

A federal habeas corpus petitioner is required to exhaust his administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *See Luedtke v.*

2

*Berkebile,* 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir. 2006).

Petitioner argues that it would be futile to exhaust the administrative remedies because 18 U.S.C. § 3632(d)(4)(D) categorically excludes criminal defendants who have been convicted of distributing child pornography from eligibility for FSA credits. Because of this exclusion, the BOP will not award FSA credits to petitioner or any inmate convicted of a child pornography offense. Petitioner also challenges the constitutionality of the statute which he argues the BOP is not in a position to remedy.

There is a futility exception to the exhaustion requirement. *See Fazzini,* 473 F.3d at 236 (citing *Aron v. LaManna,* 4 F. App'x 232, 233 (6th Cir. 2001). Resort to administrative remedies is considered futile only if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft,* 299 F. Supp. 2d 681, 690 (E.D. Ky. 2004)(internal quotation omitted). When the BOP has predetermined a disputed issue, the exhaustion requirement may be excused. *See McCarthy v. Madigan*, 503 U.S. 140, 148 (1992).

The BOP has denied petitioner FSA credits based on 18 U.S.C. § 3632(d)(4)(D)(xli)'s categorical exclusion of inmates who have been convicted for distributing child pornography from being eligible for FSA credits.  The BOP has no power to address the constitutionality of the statute.  Thus, it would be futile for petitioner to attempt to exhaust this issue with the BOP. *See Taylor v. United States Treasury Dept.*, 127 F.3d 470, 477 (5th Cir.1997)(exhaustion not required where claimant raises constitutional claim that agency would clearly reject); *see also Woodall v. Fed. Bureau of*

*Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir. 2005)(recognizing that exhaustion of administrative remedies may be futile where the petitioner "is not challenging the application of the BOP regulations, but their validity.")  The Court will excuse the failure to exhaust in this case.

### C.  Petitioner is not entitled to habeas relief on his claim.

Petitioner argues that 18 U.S.C. § 3632(d)(4)(D)(xli)'s categorical exclusion of persons convicted of the distribution of child pornography from consideration for FSA credits violates his right to due process and the equal protection of the law.

Petitioner first claims that he has a liberty interest in receiving earned time credits under the FSA once he has completed the various courses and programs that would entitle him to FSA credits, had he not been convicted of distributing child pornography.

A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001)(citing *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992)). In addition, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

Courts that have considered the issue have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act. *White v. Warden*, No. CV DKC-22-2371, 2023 WL 4867562, at *10 (D. Md. July 31, 2023)(prisoner "did not have a liberty interest in the opportunity to earn" FSA time credits); *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022)("the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest"); *Gant v. King*, No. 23-CV-1766 (NEB/ECW), 2023 WL

4

6910771, at *3 (D. Minn. Oct. 19, 2023)("prisoners do not have a protected liberty interest in the application of FSA time credits"); *Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 WL 4977335, at *7 (D. Ariz. June 26, 2023)(concluding that a prisoner does not "have a constitutional right to 'apply' his FSA [time credits] in a specific manner, such as demanding that he be granted prerelease custody or home confinement"), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023); *Bloom v. Fed. Bureau of Prisons*, No. 19-21589 (KMW)(SAK), 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022)("prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits").

In *Fiorito*, 2022 WL 16699472, at *6, the court referred to FSA time credits as FTCs and found that they "are not a general entitlement. Instead, prisoners are merely afforded the *opportunity* to earn FTCs by participating in recidivism-reduction programming." (emphasis original). The court continued:

> The general rule that the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest makes particular sense in the context of FTCs, as the opportunity to participate in recidivism-reduction programming can be lost for several reasons, including reasons having nothing to do with the conduct or blameworthiness of the prisoner. For example, a prisoner who is temporarily transferred from the custody of the BOP to a non-BOP facility to testify at trial, *see* 28 U.S.C. § 2241(c)(5), would be unable to successfully participate in BOP recidivism reduction programming during the time that the prisoner remained outside the custody of the BOP, *see* 28 C.F.R. § 523.41(c)(4)(iii). The same would be true of a prisoner who is transferred to a hospital for extended treatment of a serious medical need. *See id.* § 523.41(c)(4)(ii). The statute and accompanying regulations betray no expectation that FTC credits could reasonably be regarded as an entitlement, rather than as a benefit that a prisoner might or might not be able to earn at various times during his detention. This is too flimsy an expectation to give rise to a protected liberty interest.

*Id.*

Other courts have reached the same conclusion. *See White*, 2023 WL 4867562, at *10 (discussing the holding in *Fiorito* and stating that its "analysis is sound"); *Gant*, 2023 WL 6910771, at *3 ("Given the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement.")

In light of the foregoing, this Court concludes that § 3632(d)(4)(D)(xli)'s exclusion of petitioner from being able to receive FSA credits did not violate petitioner's right to due process.

Petitioner also argues that the exclusion of federal prisoners who have been convicted of distribution of child pornography from receiving earned time credits under the FSA violates his right to equal protection.

"Although the Fourteenth Amendment applies on its face only to the states, the Due Process Clause of the Fifth Amendment imposes equal protection constraints on the federal government." *United States v. Green*, 654 F.3d 637, 650–51 (6th Cir. 2011)(citing *Bolling v. Sharpe*, 347 U.S. 497, 498–99 (1954)). A federal court should "evaluate equal protection claims against the federal government under the Fifth Amendment just as [the court] would evaluate equal protection claims against state and local governments under the Fourteenth Amendment." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)(citing *United States v. Angel*, 355 F.3d 462, 471 (6th Cir. 2004)).

To violate the Fourteenth Amendment's Equal Protection Clause, the state must treat two groups of similarly situated people differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). This right demands that "all persons similarly situated should be treated alike." *Id.* In general, classifications based on "race, alienage ... national origin ... [or] gender ... call for a heightened standard of review." *Id.* at 440.

6

Absent one of these suspect classifications, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.*

Prisoners are not a suspect class for purposes of equal protection litigation. *See Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *Hadix v. Johnson,* 230 F.3d 840, 843 (6th Cir. 1998).

Another federal judge has rejected a similar equal protection challenge to 18 U.S.C. § 3632(d)(4)(D)(xli)'s exclusion of inmates who have been convicted of child pornography from eligibility to receive FSA credits as follows:

> Here, there is a clear rational basis for treating persons who have been convicted of the excluded offenses differently than persons who have been convicted of other offenses. The excluded offenses—including the offense of which the defendant was convicted—are some of the most serious crimes punishable under federal law. *See, e.g.,* 18 U.S.C. § 3632(d)(4)(D)(xi)(relating to chemical weapons), (xx)(relating to threats against the President), (xxiv)(relating to genocide), (xxxii)(relating to terrorist attacks). The exclusion of this and other offenses from earning additional good time credit is, effectively, a legislative judgment to punish these crimes more severely than others. It is axiomatic that "[t]here is ... a rational basis for treating the sentence of different types of crimes differently." *Tyson v. Baldwin*, No. 19cv648, 2020 WL 469663, at *2 (S.D. Ill. Jan. 29, 2020). In the case of production of child pornography, that legislative judgment could be based on a number of grounds—the particular obscenity of the offense, the need to protect society, and the need to deter future criminal conduct, among others—any one of which could supply the necessary rational basis. Thus, the defendant's equal protection claim fails.

*United States v. Powell*, No. 2:11-CR-205, 2023 WL 5489030, at *5 (E.D. Va. Aug. 24, 2023).

Another federal judge in the Sixth Circuit has reached a similar conclusion that the exclusion of certain offenses from the FSA does not violate the Equal Protection Clause. *Martinez-Palacios v. Garza*, No. 4:23-CV-42, 2023 WL 6540947, at *2, n. 1 (N.D. Ohio

7

Oct. 6, 2023)("the First Step Act's exclusion of certain offenses from consideration for good-time credit is not a violation of the Equal Protection Clause").

This Court likewise concludes that petitioner's ineligibility to receive FSA credits because of his conviction for distributing child pornography did not violate his right to Equal Protection. Accordingly, the petition is denied.

### III.  ORDER

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**.  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.  The Court will **GRANT** petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated:  March 5, 2024                         s/ Nancy G. Edmunds
                                                                 NANCY G. EDMUNDS
                                                                 UNITED STATES DISTRICT JUDGE